**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HOWARD COCHRAN, | No. 20-15434 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00688-MTL |
| v. | |
| KUBLER, Nurse at Lewis, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted December 2, 2020**

Before:     WALLACE, CLIFTON, and BRESS, Circuit Judges.

Arizona state prisoner Howard Cochran appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2004).  We affirm.

The district court properly granted summary judgment because Cochran failed to raise a genuine dispute of material fact as to whether defendant Kubler was deliberately indifferent to Cochran's back pain.  *See id.* at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *see also McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (1997) (en banc) ("A finding that the defendant's neglect of a prisoner's condition was an 'isolated occurrence,' or an 'isolated exception,' to the defendant's overall treatment of the prisoner ordinarily mitigates against a finding of deliberate indifference." (internal citations omitted)).

The district court did not abuse its discretion by dismissing Cochran's complaint without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We do not consider arguments or allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

20-15434

Cochran's motion to amend and supplement (Docket Entry No. 6) is denied.

**AFFIRMED.**